```
           UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**JOHN E. MCLAURIN,**

      Petitioner

v.  CIVIL ACTION NO. 2:00-0275

**DAVID BALLARD, Warden,**
Mount Olive Correctional Complex,

      Respondent

## MEMORANDUM OPINION AND ORDER

Pending is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed April 10, 2000, and petitioner's motion to expand the record, filed August 6, 2009.[1]

This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who, on May 13, 2009, submitted her Proposed Findings and Recommendation ("PF&R") pursuant to the

---

[1] In the motion to expand the record, petitioner asserts the United States Magistrate Judge never addressed his motion for supplemental discovery.  It appears, however, that the subject of the requested discovery was to permit petitioner to submit to the court "[a]ll exhibits and/or documents submitted during his April 2003, State Habeas Corpus Omnibus Hearing[,]" including a memo-randum of law apparently submitted by an individual who formerly served as his counsel.  Attached to the motion are several documents.  To the extent petitioner requests the court to consider these documents, it is ORDERED that the motion to expand the record be, and it hereby is, granted, and denied in all other respects as a result of petitioner failing to timely submit any remaining documents for consideration.

provisions of 28 U.S.C. § 636(b)(1)(B). Following two extensions of time, one until July 13, 2009, and another to August 4, 2009, petitioner filed objections to the PF&R.

The grounds for relief analyzed by the magistrate judge are set forth below, accompanied by her recommendation as to each:

>   1. An unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668, 691 (1984) by the Supreme Court of Appeals of West Virginia based upon trial counsels':
>
>   (a) Failure to obtain a serology expert to challenge the State's testimony:
>
>   RECOMMENDATION: The court should find that petitioner has not offered any serological evidence contradicting the state's expert testimony on the point, namely, that petitioner could have contributed to the mixture of secretions found on the evidence submitted for testing in each victim's case. Absent such a showing, petitioner cannot demonstrate the prejudice necessary to warrant relief under <u>Strickland</u>. Additionally, the state court's denial of relief on the point was not contrary to, or an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Judgment as a matter of law should be entered in respondent's favor as to this Ground.
>
>   (b) Failure to call Trooper Myers to testify to conflicts with Zain's testimony and report:
>
>   RECOMMENDATION: Inasmuch as it is unlikely that the defense would have desired to call

>Trooper Myers as a witness, considering that his testimony would have been inculpatory in some respects as to petitioner, the court should find that it has not been demonstrated that an objectively reasonable defense attorney would have called Trooper Myers or that petitioner was unduly prejudiced by the failure to call Trooper Myers. Additionally, the state court's decision denying relief was neither contrary to, nor an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Judgment as a matter of law should be entered in respondent's favor as to this Ground.

(c) Failure to investigate an alibi defense regarding the Sparks case:

>RECOMMENDATION: Inasmuch as counsel made an unsuccessful attempt to develop alibi evidence and, for tactical reasons, no alibi defense was presented, the court should find that petitioner has failed to demonstrate that his counsel's conduct fell below an objective standard of reasonableness. Further, the state court's denial of relief as to this Ground was neither contrary to, nor an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts. Judgment as a matter of law should be entered in respondent's favor as to this Ground.

(d) Error in introducing victims' and other witnesses' statements to police into evidence and failing to seek a limiting instruction:

>RECOMMENDATION: Inasmuch as petitioner's counsel attempted to use the identified statements for impeachment purposes, and that counsel strategically moved to admit the statements so the jury might make the necessary comparisons concerning the witnesses' recollections, the court should find that petitioner

3

has failed to demonstrate that his counsels' conduct fell below an objective standard of reasonableness or that he was prejudiced by counsel's choice. Additionally, the denial of relief as to this Ground was neither legally nor factually unreasonable. Judgment as a matter of law should be entered in respondent's favor as to this Ground.

(e) Failure to seek a writ of prohibition after denial of a motion for continuance to allow for a mental competency exam:

RECOMMENDATION: Inasmuch as, inter alia, it is unlikely that a writ would have been granted under the circumstances, the court should find that the denial of relief as to this Ground was neither contrary to, nor an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts. Judgment as a matter of law should be entered in Respondent's favor as to this Ground.

(f) Failure to seek voir dire regarding cross-racial crime bias:

RECOMMENDATION: Inasmuch as, inter alia, petitioner has not offered any actual evidence to indicate that the jurors in his case exhibited any cross-racial crime bias so as to invalidate his convictions, the court should find that petitioner has failed to demonstrate either that his counsel was constitutionally ineffective or that the state court's denial of relief as to this Ground was legally or factually unreasonable.

(g) Failure to seek writ of prohibition regarding the denial of a motion to disclose the grand jury selection process and that the indictment was improperly obtained:

RECOMMENDATION: Inasmuch as, inter alia, it is unlikely that a writ would have been granted under the circumstances, the court should find that the denial of relief as to

4

>this Ground was neither contrary to, nor an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts. Judgment as a matter of law should be entered in Respondent's favor as to this Ground.

2. An unreasonable application of <u>Rose v. Mitchell</u>, 443 U.S. 545 (1979), inasmuch as petitioner asserts that he was denied due process of law, equal protection of the law, and his state constitutional right to an indictment by a properly constituted grand jury due to racial discrimination against blacks in the selection of grand jury forepersons in Kanawha County:

RECOMMENDATION: The court should find that petitioner has failed to establish a constitutional violation based upon the procedure for selecting grand jury forepersons. Further, the state court's decision denying relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Judgment as a matter of law should be entered in respondent's favor as to this Ground.

3. An unreasonable application of <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), inasmuch as petitioner asserts that he was denied equal protection when the prosecution used a peremptory challenge to exclude an African-American juror:

RECOMMENDATION: The court should find that a <u>Batson</u> violation did not occur inasmuch as (1) only one out of five African-American jurors was peremptorily removed, (2) one of the two attorneys on the prosecution team was an African-American, and (3) a racially neutral reason was provided for striking the juror. Additionally, the state court's decision on this Ground was neither contrary to, nor an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented. Judgment as a matter of law should be entered in respondent's favor as to this Ground.

4. An unreasonable application of <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), inasmuch as petitioner asserts that the prosecutor's improper racial comments during closing argument unfairly prejudiced him and denied him his right to due process and a fair trial.

RECOMMENDATION:  The court should find that the evidence was sufficient to convict petitioner of the charged crimes and that the prosecutor's argument, taken within the context of the entire proceeding, did not infect the trial with unfairness or deny petitioner due process.  Additionally, the state court's ruling on the point was neither contrary to, nor an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

5.   An unreasonable application of <u>Tumey v. Ohio</u>, 273 U.S. 510 (1927), inasmuch as petitioner asserts that he was denied his right to a fair trial and impartial judge because his presiding judge in the circuit court was intoxicated during part of the trial and consumed alcohol before some of the trial proceedings:

RECOMMENDATION: The court should find that the petitioner has not demonstrated by clear and convincing evidence that he was denied a fair trial by an impartial judge, based upon the trial judge's alleged intoxication during his trial.  Additionally, the state court's decision denying relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Judgment as a matter of law should be entered in respondent's favor as to this Ground.

6.   Petitioner asserts that he was denied due process of law and the effective assistance of counsel when he was not allowed to present evidence or call witnesses on his behalf during his <u>Zain I</u> habeas proceeding:

RECOMMENDATION: The court should find that petitioner's claims are not cognizable here.  Judgment as a matter of law

should be entered in respondent's favor as to this Ground and Ground 15(e).

7. Petitioner asserts that he was denied due process of law and the right to confront witnesses by the state's use of false, unreliable serology testimony linking him to the three victims, particularly since the serology evidence in the <u>Sparks</u> case demonstrated his actual innocence:

RECOMMENDATION: The court should find that, absent the serology evidence, there was sufficient evidence to support Petitioner's convictions on the Sparks and Townsend sexual assault counts and that the admission of the serology evidence at petitioner's trial did not have a "substantial and injurious effect or influence in determining the jury's verdict." The serology evidence at most demonstrated that petitioner was included in the pool of males who could have been the semen depositor in each of the cases. Petitioner has not established any evidence to the contrary. Respecting the Sparks evidence in particular, petitioner is also unable to demonstrate that he is "actually innocent" of the crime. Accordingly, the court should find that the state courts' decisions concerning petitioner's false evidence claims were neither contrary to, nor an unreasonable application of, clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Judgment as a matter of law should be entered in respondent's favor as to this Ground and Ground 15(a).

8. Petitioner asserts that he was denied the right to confront and cross-examine witnesses when Fred Zain testified about tests performed by other experts:

RECOMMENDATION: The court should find that any error in allowing Fred Zain to testify to the results of testing performed by other serologists was harmless inasmuch as the other serologists would not have testified that petitioner could be excluded as the assailant in any of the cases. Additionally, petitioner has not demonstrated that any infringement of his right of confrontation had "a substantial and

injurious effect or influence in determining the jury's verdict." Further, it is recommended that the court find that the state courts' decisions were neither contrary to, nor an unreasonable application of, clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Judgment as a matter of law should be entered in respondent's favor as to this Ground and Ground 15(d).

9.   Petitioner asserts that he was denied his right to due process when the prosecution called Fred Zain as a witness despite forewarnings of erroneous work:

RECOMMENDATION:  The court should find, inter alia, that the state courts' decisions denying relief as to petitioner's Brady-type claims were neither contrary to, nor an unreasonable application of, clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Judgment as a matter of law should be entered in respondent's favor as to this Ground and Ground 15(c) of his Amended Petition.

15.  Petitioner asserts an unreasonable application of Kyles v. Whitley, 514 U.S. 419 (1995) and Giglio v. United States, 405 U.S. 150 (1972), and that he is being held in custody in violation of his due process rights based upon the facts that:

(a)  The record contains admissions that state witnesses lied about the serological evidence presented against petitioner and followed unacceptable evidentiary practices:

   RECOMMENDATION: The same recommendation is made as to this Ground as was made, in part, as to Ground 7.

(b)  There was an unreasonable application of Schlup v. Delo, 513 U.S. 330 (1995), inasmuch as no reasonable jury could have found guilt of sexual assault beyond a reasonable doubt in the face of the serology evidence:

        RECOMMENDATION:  The same recommendation is made as to this Ground as was made, in part, as to Ground 7.

(c) There was an unreasonable application of <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995), and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), inasmuch as petitioner's due process rights were violated when the prosecution called Fred Zain as a witness despite forewarnings that his work was erroneous:

        RECOMMENDATION: The same recommendation is made as to this Ground as was made to Ground 9.

(d) There was an unreasonable application of <u>Mooney v. Holohan</u>, 294 U.S. at 112 and <u>Brady v. Maryland</u>, 373 U.S. at 87, inasmuch as petitioner asserts that the state's misconduct denied his constitutional right to a fair trial based upon him being denied the right to confront and cross-examine the witnesses against him when Fred Zain testified to serology tests performed by other experts after the trial court ruled that Zain could only testify regarding tests he actually performed:

        RECOMMENDATION:  The same recommendation is made as to this Ground as was made to Ground 8.

(e) There was an unreasonable application of <u>United States v. Lane</u>, 474 U.S. 438 (1986), inasmuch as petitioner contends that when the circuit court reversed Counts 1, 2 and 3 on the first habeas corpus petition, and failed to hold a hearing to allow petitioner to present evidence on his behalf, he was denied due process of law and the effective assistance of counsel on appeal inasmuch as counsel was forced to argue his appeal with an inadequate record:

        RECOMMENDATION:  The same recommendation is made as to this Ground as was made, in part, as to Ground 6.

Petitioner's first objection is that the magistrate judge should not have reviewed his claims using the standard found in 28 U.S.C. § 2254(d) inasmuch as his first request in state court for collateral review predated the enactment of that provision.[2] Section 2254(d) is the standard by which a federal judicial officer must test a state court's adjudication of a petitioner's attack on his state conviction. In judging the applicability of section 2254(d), the focus is on the filing date of petitioner's section 2254 petition, not his first request for collateral relief in state court. Inasmuch as petitioner's section 2254 petition postdates the enactment of section 2254(d),

---

[2]Section 2254(d) provides as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**Id.**

that gateway is the applicable standard for resolving his claims. The objection is not meritorious.

Second, petitioner asserts that Joyce Townsend identified an individual other than him as her assailant. As noted by the magistrate judge in her PF&R, there was adequate evidence to support petitioner's conviction in both the Townsend and Sparks cases aside from the misidentification issue raised by petitioner. (See PF&R at 73). The objection is not meritorious.

Third, petitioner references the testimony of Michael W. Ratliff during the April 2003 omnibus habeas corpus hearing. The court has reviewed Ratliff's affidavit, attached to the motion to expand the record. Ratliff appears to assert that in September 1988, the same month that Ms. Townsend and Ms. Sparks were assaulted, two law enforcement officers visited his residence. As one officer was looking through a jacket, a "prescription pill bottle fell to the floor." (Ratliff Aff. ¶ 5). Ratliff asserts that he is "not positive that the jacket belonged to" petitioner but that petitioner was the last person who wore it. (Id. ¶ 9). The officers apparently took the jacket and the bottle with Ratliff's consent.

11

As noted by the magistrate judge, Ms. Sparks testified that petitioner put four pills in her mouth and directed her to swallow them. The morning following her assault, Ms. Sparks accompanied law enforcement officers to the location of the attack. While there, the police located a prescription pill bottle dated September 6, 1988, the date of the assaults on Sparks. The medicine was prescribed to John McLaurin. Petitioner apparently infers that the pill bottle was planted in order to inculpate him.

Assuming that the court was entitled to review _de novo_ any findings by the state courts on this matter, petitioner's inference is pure speculation. Among other uncertainties, petitioner sheds no light on when he, if ever, wore the jacket, whether the pill bottle reflected his name, and whether the pill bottle found in the vicinity of the Sparks assault bore any resemblance to the pill bottle that fell out of the jacket pocket. The objection is not meritorious.

Fourth, petitioner lodges various challenges to the serology evidence introduced at trial. As noted by the magistrate judge, "Excluding the serology evidence, there was sufficient evidence to support Petitioner's convictions in the Townsend and Sparks cases." (PF&R at 73). This conclusion is in

12

agreement with the analysis of the presiding judicial officer for petitioner's 1997 petition for collateral review. (PF&R at 52). In view of these findings, petitioner's continued reference to the serology evidence is unavailing. The objections based upon the evidence are thus not meritorious.[3]

Fifth, petitioner contends that the magistrate judge erred respecting his claim that he was victimized by racial discrimination in the selection of a grand jury foreperson. Petitioner initially contends that the magistrate judge failed to examine the second and third elements for his claim, as stated in Castaneda v. Partida, 430 U.S. 482, 492-95 (1977). In Rose v. Mitchell, 443 U.S. 545 (1979), a case postdating Casteneda and relied upon by the magistrate judge, however, it was stated as follows:

> "The *first* step is to establish that the group is one that is a recognizable, distinct class, singled out for different treatment under the laws, as written or as applied. . . . *Next*, the degree of underrepresentation must be proved, by comparing the proportion of the group in the total population to the proportion called to serve as [foreman], over a significant period of time. . . . This method of proof, sometimes called the 'rule of exclusion,' has been held to be available as a method of proving discrimination in jury selection

---

[3]The serology evidence is relevant in one remaining respect, namely, petitioner's claim that it exonerates him in the Sparks case. The magistrate judge's discussion of this issue at pages 84 through 94 of the PF&R adequately addresses why petitioner is not entitled to relief on this apparent actual innocence claim.

13

>     against a delineated class. . . . Finally . . . a
>     selection procedure that is susceptible of abuse or is
>     not racially neutral supports the presumption of
>     discrimination raised by the statistical showing."

Id. at 566 (quoting Castaneda, 430 U.S. at 494). It is thus clear that the magistrate judge was aware of the correct standard for resolving petitioner's grand jury claim. (See PF&R at 109).

Next, petitioner correctly asserts that grand jury discrimination of the type alleged appears to constitute structural error, see Vasquez v. Hillery, 474 U.S. 254, 263-64 (1986). It remains incumbent upon petitioner, however, to prove that the discrimination in fact occurred. The magistrate judge thoroughly explained why, in light of the extensive state court evidentiary proceedings on this issue, petitioner could not show that the adjudication of his grand jury claim resulted in either a decision that (1) was contrary to or involved an unreasonable application of clearly established federal law, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. (See PF&R at 112-16). Accordingly, petitioner's objections respecting the grand jury claim are not meritorious.

Sixth, petitioner challenges the magistrate judge's denial of relief concerning his claim that the state struck a juror in violation of Batson v. Kentucky, 476 U.S. 79 (1986). He

14

contends initially that the prosecution failed to offer a race-neutral reason for the challenge. That is not the case. (<u>See</u> PF&R at 118-19).[4] He later apparently concedes the point but asserts that the race-neutral reason offered by the prosecution cannot pass muster under <u>Batson</u>. Again, petitioner has failed to demonstrate that the state courts' adjudication of this claim contravenes the section 2254(d) standard.

Having considered this objection, and the petitioner's remaining challenges to the PF&R, the court concludes that they are not meritorious. The court, accordingly, ORDERS as follows:

1. That the PF&R be, and it hereby is, adopted by the court and incorporated herein;

2. That the section 2254 petition be, and it hereby is, denied; and

3. That this action be, and it hereby is, dismissed and stricken from the docket.

---

[4]Petitioner also appears to rely upon <u>McDonough Power Equipment, Inc. v. Greenwood</u>, 464 U.S. 548, 556 (1984). The decision is inapposite inasmuch as juror bias or deceit was not an issue during petitioner's trial.

15

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), petitioner must file any appeal within 30 days after entry of the Judgment in this action.  The failure within that period to file with the Clerk of this court a notice of appeal of the Judgment will render this memorandum opinion and order and the Judgment final and unappealable.

The Clerk is directed to forward copies of this written opinion and order to the pro se petitioner, all counsel of record, and the United States Magistrate Judge.

DATED: November 30, 2009

John T. Copenhaver, Jr.
United States District Judge